IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VERONICA SASENBURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-0151-MJR-CJP |
| | ) | |
| BARNES-JEWISH HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER ON JURISDICTION AND VENUE

Reagan, District Judge:

In January 2010, Veronica Sasenbury filed suit in the Circuit Court of St. Clair County, Illinois against "Barnes Jewish Hospital d/b/a Children's Hospital" (BJH). Sasenbury claimed that she was burned during a March 2002 surgery at Children's Hospital, and her injuries proximately resulted from BJH's negligence (e.g., failing to properly prepare Veronica for surgery, carelessly allowing heat to contact Veronica during the surgical procedure, etc.). The state court complaint sought damages over $50,000 plus costs.

Served with the complaint on January 26, 2010, BJH timely removed the action to this United States District Court on February 24, 2010, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. Section 1332 supplies jurisdiction if the lawsuit is between "citizens of different States," and the amount in controversy is over $75,000, exclusive of interest and costs. ***Hukic v. Aurora Loan Services*, 588 F.3d 420, 427 (7th Cir. 2009),** *citing* **28 U.S.C. 1332.**

In its removal notice, BJH alleged that Sasenbury is an Illinois citizen and that BJH is a Missouri citizen (both incorporated in and having its principal place of business in that state). The parties do not dispute that complete diversity exists. The question before the undersigned Judge is whether the amount in controversy suffices. It does.

Because BJH seeks this federal forum, BJH bears the burden of demonstrating that the amount in controversy exceeds $75,000. BJH's removal notice references the fact that Sasenbury's complaint seeks damages for "additional surgeries, disfigurement, disability, past and future medical bills, along with past and future pain and suffering" (Doc. 6, ¶ 9). BJH declares it "apparent that the damages claimed by the Plaintiff, if proven, will 'more likely that not' exceed $75,000, exclusive of interest and costs" (Doc. 6, ¶ 10).

Sasenbury challenges this Court's jurisdiction via remand motion and memorandum filed March 17, 2010 (Docs. 10, 11). BJH responded April 21, 2010 (Doc. 14), emphasizing the following facts. This medical malpractice action arises from the 2002 surgery on a then-12-year old girl (Sasenbury), in which Sasenbury claims to have received third-degree burns on her back. Sasenbury alleges that she has been disfigured and disabled, that she had to endure additional surgery on the burned area, that she had to expend (and will continue to have to expend) money for medical treatment resulting from the burns, and that she experienced (and in the future will continue to experience) pain and suffering as a result of the injuries. Sasenbury's counsel filed an affidavit under Illinois Supreme Court Rule 222(b) in which he averred that damages in the case exceeded $50,000, and the damages claimed in the complaint reveal that the amount exceeds $75,000.

Both parties interject various formulations as to the burden of proof on the amount in controversy (not all of which are accurately or completely stated). The principles guiding this Court's analysis are as follows.

The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins *or the case is removed*. ***Oshana v. Coca-Cola*, 472 F.3d 506, 510-11 (7th Cir. 2006),** *cert. denied***, 551 U.S. 1115 (2007).** The party invoking federal jurisdiction bears the burden of demonstrating that the requirements for diversity are met. ***Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).** So, in the case at bar, BJH must show that the amount in controversy has been satisfied.

More specifically, as the proponent of federal jurisdiction, BJH "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met," ***Oshana*, 472 F.3d at 511,** *citing Meridian Security Ins. Co. v. Sadowski***, 441 F.3d 536, 543 (7th Cir. 2006),** a task complicated when the plaintiff does not want to be in federal court, *id.*

In this circumstance, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." ***Oshana*, 441 F.3d at 511,** *citing Rubel v. Pfizer, Inc.***, 361 F.3d 1016, 1020 (7th Cir. 2004).** Once the defendant in a removed case has made this showing as to the amount in controversy, "the plaintiff can defeat jurisdiction <u>only</u> if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." ***Oshana*, 441 F.3d at 511.** *See also **McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009).**

In the case at bar, BJH – relying largely on the complaint allegations and prayer for relief[1] – has furnished a good-faith estimate of the stakes, an estimate which is both plausible and supported by a preponderance of the evidence. Sasenbury has not shown (and, on the record now before the Court, it does not appear) *to a legal certainty* that the claim actually is for less than $75,000.

Accordingly, the undersigned Judge must **DENY Sasenbury's remand motion (Doc. 10).** Another motion remains – BJH's motion to dismiss (Doc. 15), to which Sasenbury may respond on or before **May 24, 2010.** But the undersigned Judge has serious concerns regarding venue in this District – concerns which need to be addressed before reaching the merits of the dismissal motion.

Stated simply, the record does not reveal any basis for venue. The case understandably was *removed* here, because suit was filed in the Circuit Court of St. Clair County, which lies within the Southern District of Illinois. **See 28 U.S.C. 1441(a).** But venue for a civil action wherein jurisdiction is founded solely on diversity lies only in three places – none of which appears to be the Southern District of Illinois. The best the Court can glean on the record before it, (1) BJH does not "reside" in this District, (2) a substantial part of the events giving rise to this action did not occur in this District, and (3) it is far from clear that BJH is subject to personal jurisdiction in this District. **See 28 U.S.C. 1391(a).**

---

[1] BJH also points to a 2009 Illinois jury verdict for $280,000 in a similar medical malpractice case involving a nurse who burned a child's leg during surgery (see Doc. 14, p. 4). Of that award, $266,000 was awarded for noneconomic damages like those sought in the case at bar.

Accordingly, the Court **DIRECTS BJH** (who sought this federal forum) to file a "**Venue Memorandum**" showing cause why the undersigned Judge ought not dismiss this case for improper venue (or transfer it to a proper venue, perhaps the Eastern District of Missouri), pursuant to 28 U.S.C. 1406(a).

BJH's Venue Memorandum must be filed by **May 25, 2010**. Sasenbury may file a Venue Memorandum responding thereto by **June 8, 2010.** In docketing these memoranda via the cm/ecf system, counsel should select "Civil," then under "Other Filings" choose "Other Documents," pick "Jurisdictional Memorandum" from the drop-down list, and (after inserting the case number and filing party information at the prompts), type the word "VENUE" over the word "JURISDICTIONAL" in the open text box. Questions regarding the venue memoranda may be addressed to Judge Reagan's law clerk (Sheila) at 618-482-9229.

IT IS SO ORDERED.

DATED May 12, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Court